BLANCHE, Judge.
Plaintiff-appellant, Jimmie J. Hairford, who was employed as an Investigator III by the Division of State Police, Department of Public Safety, applied for retirement benefits from defendant-appellee, State Police Retirement Board, based on illness and injury which he alleged were received in the line of duty. The Board rejected his application. Plaintiff filed this suit under the authority of Louisiana Revised Statutes Title 49, Chapter 13, the Administrative Procedure Act; and after trial the trial court remanded the matter to the Board for further proceedings to “delineate the cause, extent, and effect of [plaintiff’s] illness, including * * * his mental and emotional status.”
Plaintiff having appealed to this Court, it is our duty to decide if the trial court was proper in the judgment it rendered to remand or if a judgment should be entered either to affirm the Board’s dismissal of the application or to grant plaintiff retirement benefits as duty related or non-duty related. .
The applicable statutes relating to the retirement benefits are LSA-R.S. 40:1428[1] and 40:1430.[2] Plaintiff had slightly more than five years coverage under the State Police Retirement Plan. In his application he alleged that his disability was caused in the line of duty. It will be noted from a reading of the statutes that a person with five years service is entitled to 30 percent of his average salary for non-duty caused disability (R.S. 40:1428[C]), but his benefit will be 75 percent of his average salary if his disability results from injury received in the line of duty (R.S. 40:1430). R.S. 40:1428(B) requires that a disability retirement application be accompanied by certificates from at least three physicians stating that the applicant is unable to perform the duties required of him by the head of the division. There is no other statutory burden placed upon the applicant in R.S. 40:1428(B) which covers the non-duty disability retirement.
Whether plaintiff is entitled to benefits for disability resulting from illness or injury received in the line of duty is a matter of proof.
In this connection, plaintiff submitted letters from three different physicians which stated that he was totally disabled and that his disability was duty related. Dr. A. John Tassin, Jr., said that “this disability will be permanent and that further, his disability is caused or directly related to his employment as a State Police Officer.” Dr. Francisco N. Cantu wrote, “Mr. Hair-ford is totally and permanently disabled and * * * the disability is a result of *222 his employment as a State Police Officer.” Dr. Ramson K. Vidrine concluded, “I feel that this man is permanently and totally disabled and feel that this is directly related to his employment.”
Also a part of the record is a statement by plaintiff’s former superior, Donald J. Thibodeaux, that included this pertinent observation:
“ * * * As an investigator * * * he had been involved in investigations and/or intelligence gathering dealing with internal affairs misconduct, explosives, blackmail, governmental corruption, prostitution, narcotics, gambling, attempted murder, and many other areas that may cause extreme anxiety.
“In the last few months of my tenure, I did notice that Mr. Hairford had become more withdrawn than usual, and that he had on several occasions told me that he wasn’t feeling too well. He never did tell me what was bothering him, but I did suspect that his involvement in the undercover work I had assigned him had something to do with it.” (Record, p. 15)
The State Police Retirement Board had plaintiff examined by Dr. Vance G. Byars, Jr., who was connected with the Earl K. Long Memorial Hospital of the Louisiana Health and Human Resources Administration. Dr. Byars said:
“After careful review of this patient’s history, as well as my own findings, I feel that this patient is not capable of carrying out the duties of a State Trooper. I do not feel that this patient is, at this time, capable of any meaningful employment which will require mental concentration or alertness. In so far as this patient refuses to see a psychiatrist, I am unable to further delineate his mental and emotional status. * * * ” (Record, p. 12)
Based upon the statements of the three physicians which plaintiff had accompanying his application, together with the statement of Dr. Byars, the Retirement Board-designated physician, we conclude that plaintiff is totally and permanently disabled and that the evidence is sufficient to sustain a finding that his disability is duty related.
It is suggested that the opinions of the physicians that plaintiff’s disability was duty connected are conclusions which are not justified by any evidence. Our examination of their reports as well as the statement of Donald Thibodeaux indicates that plaintiff’s emotional disability is related to the type of work in which he had been engaged. There is no report in the record to the contrary, and insofar as the record shows, the physicians who examined plaintiff were duly qualified, licensed and practicing physicians in the State of Louisiana and competent to venture an opinion based on the history and their observation of plaintiff concerning the causal relationship of plaintiff’s disability as a result of his work.
Counsel for the defendant Board would have us remand the case in order for plaintiff to be examined by a psychiatrist. Three of the physicians were in agreement as to the work-related nature of the plaintiff’s disability and Dr. Byars, who was chosen by the Board, did not disagree with their findings. He merely stated that he was unable to delineate plaintiff’s mental and emotional status because of his refusal to see a psychiatrist. There is no other evidence in the record bearing on the purported refusal of plaintiff to consult a psychiatrist, but in any event, the statute only requires that his application for disability be accompanied by certificates from three physicians.
For the foregoing reasons, the judgment of the trial court is reversed, and there is judgment herein granting unto plaintiff, Jimmie J. Hairford, disability benefits in accordance with the provisions of LSA-R.S. 40:1430. The defendant is taxed with all costs of these proceedings as may legally be assessed against the State of Louisiana.
REVERSED AND RENDERED.

. LSA-R.S. 40:1428 provides:
“A. Any sworn, commissioned, law enforcement officer of the division of state police who is a member of the system who has become totally disabled or incapacitated because of continued illness or as a result of an injury received, even though not in the line of duty, but is not eligible for retirement under the provisions of R.S. 40:1426 may apply for retirement under the provisions of this Section.
“B. The applicant shall accompany his application with certificates from at least three physicians, certifying that he is unable to perform the duties required of him by the head of the division.
“C. Thereafter, upon the recommendation of the head of the division and the approval of the board, the employee shall be retired at twenty-five percent of his average salary for under five years service credit, thirty percent of his average salary for five years and under ten years service credit, forty percent of his average salary for ten years and under fifteen years service credit, fifty percent of his average salary for fifteen years and under twenty years service credit, and sixty percent of his average salary for twenty years and over service credit.”

. LSA-R.S. 40:1430 provides:
“In case of total disability of any sworn, commissioned, law enforcement officer of the division of state police resulting from injury received in the line of duty, a monthly pension of seventy-five percent of his average salary shall be paid to the disabled employee under the provisions of this subpart.”